# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| C&W, LLP, *et al.*, | ) |
|     *Plaintiffs*, | ) Case No. 3:20-cv-85 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| BURGERIM GROUP, INC. *et al.*, | ) Magistrate Judge Debra C. Poplin |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiffs' application for clerk's default as to Burgerim Group, Inc., and Burgerim Group USA, Inc. (Doc. 70). Plaintiffs filed this application incorrectly, ignoring the Court's instructions, and they have failed to correct the application by the Court-ordered deadline to do so. (*See* Docs. 69–72.) This case reflects a long history of Plaintiffs failing to comply with the Court's explicit instructions and deadlines, as well as the Federal Rules of Civil Procedure. The Plaintiffs filed their complaint on February 27, 2020. (Doc. 1.) From the beginning, they failed to comply with the Federal Rules, for example, they did not file corporate disclosure statement for Plaintiff C&W, LLP. (*See* Doc. 1.) The Court issued a notice to correct this failure, and it appears Plaintiffs never corrected it.

After filing the complaint, months passed with no evidence in the record that Plaintiffs had timely served or attempted to serve Defendants. The Court then issued an order requiring Plaintiffs to show cause for their failure to serve Defendants Juan Munoz and Michael Buchbut. (Doc. 9.) Plaintiff responded by submitting a copy of the Court's show-cause order and attaching a USPS tracking history for an unspecified package, presumably the summons and

complaint, showing the package was undeliverable and returned to sender. (Docs. 10, 10-1.) The Clerk's office issued an administrative notice that submitting a copy of the Court's order with an attachment is not an adequate response to a show-cause order. (Doc. 11.) The Court granted an extension of time to serve the Defendants, but again had to order Plaintiffs to show cause when they failed to meet the extended service deadline. (Docs. 12–14.) After this second show-cause order, Plaintiffs served Buchbut.[1] (Doc. 16.) Plaintiffs never served Munoz, and the Court dismissed the claims against him for failure to serve. (Doc. 33.)

Plaintiffs represented to the Court that they served another Defendant, Burgerim Group, Inc., and then applied for Clerk's entry of default against it when it did not appear. This application failed to follow the Court's instructions and comply with the rules. (Docs. 17, 21, 23.) The Court ultimately directed the Clerk to deny the application because the Court found that Plaintiffs did not, in fact, serve this defendant: they filed only a mail return receipt bearing the name "P Bornstein" and filed neither the original summons with a proper endorsement nor an affidavit setting forth the mailer's compliance with Tennessee Rule of Civil Procedure 4.03. (Doc. 33, at 8.)

After this order, Plaintiffs filed an amended document showing a summons returned executed on Burgerim Group, Inc, and the Court directed the Clerk to enter default against it. (Doc. 35.) Plaintiffs moved for default judgment and submitted declarations regarding damages in support of the motion, but the Court issued another show-cause order because the declarations conflicted with allegations in the complaint. (Doc. 42.) Plaintiffs responded to the show-cause order but only after requesting an extension of time to respond and missing the extended

---

[1] Buchbut then moved to dismiss the claims against him for lack of personal jurisdiction, and the Court granted his motion. (Docs. 26, 33.)

2

deadline by thirteen days. (Docs. 44, 45, 48.) In their response, Plaintiffs represented to the Court that they believed Defendant Burgerim Group, Inc. was an alter ego of Burgerim Group, USA, Inc., which they accidentally omitted in their complaint. (Doc. 48.) Accordingly, the Court denied the motion for default judgment and granted Plaintiff's request to amend the complaint to name Burgerim Group, USA, Inc. (Docs. 49, 52.)

Plaintiffs thereafter amended their complaint and served Burgerim Group, Inc., and Burgerim Group, USA, Inc. (Docs. 50, 59, 63.) Neither defendant appeared, but Plaintiffs did not timely apply for default judgment. Therefore, on February 3, 2022, the Court once again ordered Plaintiffs to show cause why their claims should not be dismissed for failure to prosecute since Defendants' time to file a responsive pleading had passed, but Plaintiffs had not applied for an entry of default. (Doc. 64.) Plaintiffs complied with this order, filing a response to the show-cause order and filing an application for clerk's entry of default. (Docs. 66–67.) However, Plaintiffs filed the application for clerk's entry of default incorrectly, and the Clerk's office entered an administrative notice directing Plaintiffs to refile their application in accordance with the Court's instructions before February 22, 2022. (Doc. 68.) Plaintiffs did not refile their application by the deadline, so, on February 25, 2022, the Court ordered Plaintiffs to refile the application and specifically laid out the steps they needed to take to correct their application. (Doc. 69.) The Court gave Plaintiffs a deadline of March 4, 2022, at 5:00 p.m. (*Id.* at 2.) In this order, the Court also put Plaintiffs on notice that if no corrected application was filed by that time, their case would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.*)

Plaintiffs filed another application for clerk's entry of default on March 4, 2022, but failed to meet the Court's 5:00 p.m. deadline. (Doc. 70.) Additionally, the application was once

3

again incorrectly filed, ignoring the Court's explicit directions to "submit as an attachment the 'Affidavit in Support of Request for Entry of Default' form available on the Court's website" and "submit *separate* applications for each individual defendant." (Doc. 69, at 2 (emphasis original).) Instead, Plaintiffs again submitted one application for both defendants and attached an unnotarized declaration in support of the request for entry of default, rather than the filling out and notarizing the Court's affidavit form. (Docs. 70, 70-1.) Again, the Clerk's office issued an administrative notice directing Plaintiffs to correct these errors by March 14, 2022. (Doc. 72.) And, once again, Plaintiffs failed to meet this deadline.

As the Court has painstakingly set out in this order, the Plaintiffs have failed to prosecute this case at every step of the litigation only to be dragged through the process by the Court's administrative notices and orders to show cause. Once again on the application for clerk's entry of default currently before the Court, Plaintiffs have failed to comply with the Court's explicit instructions to correct the application and its deadline to do so. The Court put Plaintiffs on notice that failure to correctly file the application by 5:00 p.m. on March 4, 2022, in accordance with the instructions in its order, would result in dismissal of the case. (Doc. 69, at 2.) Plaintiff did not meet that deadline and did not comply with the Court's instructions. For these reasons, this matter is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**